# In the United States Court of Federal Claims

No. 23-776
Filed: June 7, 2023
NOT FOR PUBLICATION

| | |
|---|---|
| **JOHN DALE ALLEN,** | |
| *Plaintiff*, | |
| v. | |
| **UNITED STATES,** | |
| *Defendant*. | |

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

The plaintiff, John Dale Allen, proceeding *pro se*, filed this action on May 25, 2023. The complaint was docketed on June 1, 2023. The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims. Dismissal pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1915(e)(2)(B) is appropriate.[1]

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016)).

The plaintiff's complaint must also satisfy basic pleading requirements, such as setting forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a complaint fails to do so, a court "may dismiss *sua*

---

[1] The complaint was accompanied by a motion for leave to proceed *in forma pauperis*. Based on the information contained in the motion, the plaintiff is eligible to proceed *in forma pauperis*. Accordingly, the motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of dismissing the complaint.

*sponte* under Rule 12(b)(6)." *Anaheim Gardens*, 444 F.3d at 1315. For example, a court may dismiss a plaintiff's complaint without a motion by the defendant when a claim is based on "frivolous allegations" that are "insufficient to state a plausible claim for relief." *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022) (*per curiam*). "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant. Rather, a court ensures that a *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The plaintiff's complaint relies on 28 U.S.C. § 1491 to plead a claim for a $72.5 million portion of the federal public debt. The plaintiff's complaint alleges that the defendant has acknowledged owing this debt to him, and that the "[d]efendant knows that the same debt is owed to every American in this country." (Complaint at 2.) The plaintiff also alleges that the "[d]efendant ADMITS to owing this debt to [p]laintiff and has the obligation to pay this debt to [p]laintiff." (*Id.*)

The complaint does not plead a plausible claim falling within the limited jurisdiction of the Court of Federal Claims. The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing *inter alia United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

To support the invocation of the limited jurisdiction of the Court of Federal Claims for a violation of a statutory, regulatory, or constitutional provision, that provision must be money-mandating, meaning the provision "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). This money-mandating source of law must be distinct from the Tucker Act itself. *Navajo Nation*, 556 U.S. at 290.

The complaint and its supporting exhibits cite several federal statutes, including 28 U.S.C. § 3002(15)(A), 18 U.S.C. § 8, and 31 U.S.C. §§ 392, 3123, 5103, as legal bases for the plaintiff's claims.[2] Most of these statutes, however, cannot fairly be read to be money-mandating.

First, 28 U.S.C. § 3002(15)(A) is a statute that defines the words "United States" in chapter 176 of title 28 to include "a Federal corporation." It provides no substantive rights and cannot be fairly read to be money-mandating. *Robinson v. United States*, No. 17-745C, 2017 WL 2983926, at *2 (Fed. Cl. July 13, 2017).

Second, 18 U.S.C. § 8 sets forth the definition of the term "obligation or other security of the Unites States" and cannot be fairly read to be money-mandating. This statute also falls under the criminal code over which the Court of Federal Claims generally may not exercise jurisdiction. *See, e.g., Johnson v. United States*, 411 F. App'x 303, 304-05 (Fed. Cir. 2010).

Third, 31 U.S.C. § 5103, formerly 31 U.S.C. § 392, sets forth what is and is not legal tender in the United States. While the statute does set forth how payments can be made, the statute cannot be fairly read to be money-mandating because it does not establish any substantive right on when someone must be paid. *See also Kent v. United States*, No. 20-717C, 2020 WL 3579998, at *1-2 (Fed. Cl. June 30, 2020).

The complaint does invoke one statute that is money-mandating: 31 U.S.C. § 3123. This statute requires the federal government "to pay, in legal tender, principal and interest on the obligations of the Government issued under this chapter."

---

[2] The plaintiff also relies on an opinion of the United States District Court for the District of Columbia, which dismissed his case in that court. (Complaint at 1); *Allen v. Yellen*, No. 1:23-CV-01012 (UNA), 2023 WL 3040441, at *1 (D.D.C. Apr. 20, 2023). Although the district court dismissed the plaintiff's complaint in part because the plaintiff's requested monetary relief can only be obtained from the Court of Federal Claims, the district court's opinion does not conclude that the Court of Federal Claims has jurisdiction over the plaintiff's "vague, confused" complaint. *Allen*, 2023 WL 3040441, at *1-2 (also dismissing the plaintiff's complaint for violating Rule 8(a) of the Federal Rules of Civil Procedure by failing to give "fair notice of the claim being asserted"). Even if the district court had reached such a conclusion, the district court's opinion would not bind this court.

The plaintiff's complaint, however, fails to state a plausible claim on which relief can be granted under 31 U.S.C. § 3123. The complaint does not allege that the plaintiff holds an obligation issued by the federal government. The complaint contains no allegation that the plaintiff owns a bond issued by the federal government or that he otherwise plausibly owns any unpaid federal public debt. Rather, the complaint alleges that the plaintiff is entitled to a portion of the federal public debt simply by virtue of being an American citizen. The claim is predicated solely on the United States owing the plaintiff "his portion of the $24 trillion public debt which is $72.5 million." (Complaint at 2.)

The frivolous basis for the plaintiff's claim is also made clear by the math behind the plaintiff's numbers. Using the numbers in Exhibit A-1 to the complaint, the plaintiff's claimed federal public debt of $24.1 trillion divided by his claimed American population of 332.4 million yields approximately $72,500. This amount reflects the damages sought by the plaintiff as "his portion" of the federal public debt and what the plaintiff claims "is now due and owing to each American man, woman and offspring," although it is off by a factor of 1,000. (Complaint at 2; Exhibit A-1 at 1.) Nevertheless, the complaint makes the factual assertion that the defendant has "ADMIT[TED] to owing this debt to [p]laintiff and has the obligation to pay this debt to [p]laintiff," and supports this assertion through the attached Exhibit D. (Complaint at 2.)

At this stage of the case, a court must ordinarily assume that all the plaintiff's factual allegations are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, is proceeding *in forma pauperis*. Therefore, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (citing the former 28 U.S.C. § 1915(d), an earlier version of the current 28 U.S.C. § 1915(e)). Although the complaint alleges the defendant has acknowledged it owes the plaintiff $72.5 million, that claim, based on Exhibit D to the complaint, is baseless and frivolous. Exhibit D purports to be a representation by the Secretary of the Treasury that the defendant owes the plaintiff the money he seeks in this suit, but Exhibit D is neither on agency letterhead nor signed. Rather, Exhibit D on its face is a forgery prepared by the plaintiff, reflecting the same typeface as the other exhibits the plaintiff prepared and submitted in support of his complaint.

Even though the complaint cites a money-mandating statute, 31 U.S.C. § 3123, it fails to plead a non-frivolous claim based on that statute. Accordingly, even construed liberally, the complaint fails to state a plausible claim for relief within the Court of Federal Claim's jurisdiction. Accordingly, the complaint must be **DISMISSED** pursuant to RCFC 12(b)(1), 12(b)(6), and 12(h)(3), and 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal taken from this Order would not be taken in good faith. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**